TEXTO COMPLETO DE LA RESOLUCION
Resolvemos que: 1) una cláusula contractual que releva de responsabilidad no es equivalente a declaración contractual de solidaridad; 2) alegaciones contra demandado de identidad conocida y nombre desconocido Dra. "Zutana", aunque pueden interrumpir la prescripción, no permiten adjudicación judicial contra tal persona, sin que antes se sustituya la nominación genérica por la real, se notifique y conceda oportunidad de defensa; 3) a falta de lo anterior, no es posible accesar a la relación interna, entre posibles deudores solidarios del Art. 1098 del Código Civil (1930), 31 L.P.R.A. 3109, para lograr nivelación y tampoco utilizar la Regla 51.7 de Procedimiento Civil (1979), 32 L.P.R.A. Ap. Ill R. 51.7; 4) cuando se alega que se paga por la negligencia de otro y contra éste no hay pronunciamiento judicial en cuanto a su responsabilidad; el que así paga habrá de recurrir al trámite judicial independiente para tratar de alcanzar al tercero responsable.
Antecedentes
En diciembre de 1989 la Sra. Juana Rivas González instó demanda en daños y perjuicios contra la Corporación H.M.C.A., Inc. (en adelante HMCA), la Universidad de Puerto Rico y contra la Dra. "Zutana", entre otros. En esencia, reclamó compensación por daños sufridos en el pie derecho a consecuencia del tratamiento alegadamente negligente que recibió en el Hospital de Area de Carolina. También alegó que la Dra. "Zutana" había ordenado se le enyesara el pie sin antes haberla examinado, causando así serios daños a su extremidad derecha, por los que reclama compensación.
El facultativo que ordenó enyesar a la demandante fue la Dra. Amina Walker Medina. No obstante, la co-demandada, de identidad conocida y nombre desconocido, Dra. "Zutana" nunca fue sustituida por la Dra. Amina Walker Medina, aun cuando ella fue anunciada y citada como testigo de los demandados. Tampoco fue emplazada.
La representación legal de la co-demandada HMCA fue asumida por su aseguradora, la *1192 Compañía Insular de Seguros (en adelante CIS). El pleito culminó el 20 de diciembre de 1991 mediante sentencia por estipulación en la cual CIS pagó a la demandante la suma de $37,000 y la Universidad de Puerto Rico pagó la suma adicional de $3,000. No hubo adjudicación de responsabilidad entre las partes.
El 21 de diciembre de 1992, mediante sentencia judicial, se declaró insolvente a CIS y fue sometida a procedimiento de liquidación, en el que se designó como liquidador al Comisionado de Seguros. El 19 de diciembre de 1994 el Comisionado de Seguros, en carácter de liquidador de la CIS, presentó una acción judicial de "nivelación" contra la Dra. Amina Walker, su esposo, la sociedad legal de gananciales constituida entre ellos y su aseguradora, reclamándole el cobro de los $37,000 que pagó la CIS a los demandantes del primer caso, conforme a la estipulación. El Comisionado de Seguros alegó que por ser la Dra. Walker co-causante de los daños es "deudora solidaria".
El 28 de agosto de 1995 la Dra. Walker presentó Moción de Desestimación, en la que expuso que no podía nivelarse contra ella porque no había sido parte en el pleito original, y por lo tanto el tribunal no había hecho adjudicación de responsabilidad en su contra. El Comisionado de Seguros presentó su oposición y el 11 de marzo de 1996 el asunto fue discutido en sala de instancia. El 14 de octubre de 1996 el tribunal dictó No Ha Lugar, mediante resolución, a la moción de desestimación. Determinó, además, que aunque no se había adquirido jurisdicción sobre la peticionaria en el pleito anterior, el vínculo contractual entre las partes era de solidaridad.
Para arribar a dicha determinación, el Honorable tribunal recurrido hizo referencia al contrato suscrito entre HMCA y la Dra. Walker, el cual dispone en su cláusula novena (9na) que:
"El CONTRATISTA y su asegurador relevan de responsabilidad a la CORPORACION contra toda reclamación, demanda y/o pleito, sean éstas judiciales o extrajudiciales por cualquier causa que resulte o esté relacionada con la ejecución de este contrato y la CORPORACION de esas reclamaciones, demandas o pleitos y cubrirá los gastos de esa defensa." (Enfasis suplido).
Inconforme con la determinación de instancia la Dra. Walker acudió en certiorari ante este tribunal imputando el siguiente error:
"Erró el Tribunal de Instancia al permitir una acción de nivelación contra una estipulación hecha por la recurrida sin el consentimiento de la peticionaria, sin haberle dado la oportunidad de defender la acción en el pleito original, y sin que conste en la estipulación una adjudicación de responsabilidad contra la peticionaria."
Exposición y Análisis
La acción de nivelación entre co-causantes de un daño se predica en proporción a la negligencia de cada uno, cuando ambos están incursos en falta y así lo declara un tribunal con jurisdicción. Ramos v. Caparra, 116 D.P.R. 60, 63 (1985). Por tanto, ha de haber primero una determinación del grado de negligencia, si alguna, para que entonces se pueda ejercitar dicha acción en la relación interna y mancomunada. No se da la nivelación si no se ha establecido primero la obligación solidaria y uno de los deudores solidarios paga al acreedor reclamante un monto mayor al que le que corresponde en negligencia. En el presente caso no hubo determinación de negligencia; mucho menos de solidaridad, dictada por tribunal competente en el pleito de daños y perjuicios. Como hemos dicho, el pleito se transó sin tal adjudicación y en todo caso la Dra. Walker no fue parte. Por tal razón, la Dra. Walker no ha sido declarada causante o cocausante del daño ni es deudora solidaria. Por ello, la CIS no puede reclamarle *1193 ahora nivelación, porque no existe antes una relación de solidaridad entre ellos con adjudicación judicial de participación mancomunada en negligencia.
Nuestro ordenamiento sustantivo dispone que contra un alegado cocausante de daño, no traído a tiempo al pleito como parte co-demandada, no se puede adjudicar culpa alguna, y si se le adjudica, en nada le obligará con la parte demandante o frente a la parte demandada. Torres v. A.F.F., 94 D.P.R. 314, 318 (1967). Por lo tanto, de interesar el demandado que un cocausante, que no ha sido incluido como parte del litigio por el demandante, responda por los daños, debe traerlo al pleito como tercero demandado bajo el mecanismo que ofrece la Regla 12.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. R. 12.1; Torres v. A.M.A., 91 D.P.R. 714, 717 (1965).
La parte recurrida, Comisionado de Seguros, en carácter de liquidador de la CIS, alega que la Dra. Walker fue parte en la causa original en daños y perjuicios, F DP89-0545, finalizada el 20 de diciembre de 1991, por transacción y sin adjudicación en los méritos, conforme al procedimiento de la Regla 15.4 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill R. 15.4. Ello no es correcto.
De acuerdo a los hechos del presente caso, desde un principio en el litigio tanto la demandante como los demandados, sabían y conocían de la identidad conocida de la Dra. Walker y sabían que fue ella quien ordenó se le colocara un yeso en el pie derecho a la demandante. Aun cuando ambos litigantes, en un principio, desconocieran su nombre, el mismo era de fácil y rápida comprobación mediante los métodos de descubrimiento de prueba, en cuanto a la parte demandante y debió ser conocido por HMCA y por su aseguradora CIS, lo que es imputable al Comisionado reclamante. Es obvio que los demandados en el caso F DP89-0545, conocían la identidad y nombre de la Dra. Walker, pues éstos la habían anunciado, por nombre de pila, como su testigo. No obstante, no fue sino hasta cinco años más tarde que la CIS, representada entonces por el Comisionado de Seguros, instó demanda contra la Dra. Walker para reclamarle por la suma que pagó en concepto de daños con el propósito de transar la demanda que instó la Sra. Rivas, según ya señalado.
II
La demanda original se trata de una acción "in personam" instada por la Sra. Rivas contra demandado de identidad conocida y nombre desconocido. Si las alegaciones son suficientes, conforme a la norma enunciada en The Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809 (1978), el nombre ficticio (Dra. "Zutana") sirve para interrumpir la prescripción al amparo de la Regla 15.4 de Procedimiento Civil, supra; Ortiz v. Gob. Mun. de Ponce, 94 D.P.R. 472,478 (1967); Martínez Díaz v. E.L.A., 133 D.P.R., 92 J.T.S. 170, pág. 10202; pero: "...para que la decisión del Tribunal surta efecto contra la persona así designada, ésta tiene que ser traída al pleito con su nombre correcto luego de que se le notifique con tiempo suficiente para que pueda defenderse de la reclamación". Núñez González v. Jiménez Miranda, 122 D.P.R. 134, 141 (1988).
Como ya señalado, la causa terminó en sentencia del 20 de diciembre de 1991 por transacción de partes y sin que el demandado de nombre desconocido fuese sustituido por su verdadero nombre. Ello dejó sin efecto, de ahí en adelante, la interrupción de la prescripción contra la Dra. "Zutana", causada por la acción judicial. Dicha sentencia nada pudo adjudicar contra la Dra. Walker por no ser ella parte litigante ni contratante en la causa F DP89-0545. 
III
El tribunal de instancia fundamentó su decisión de no desestimar sumariamente la acción "niveladora" en que el vínculo contractual entre las partes es de solidaridad. Como se sabe, la solidaridad contractual ha de ser expresa. Arroyo v. Hosp. La Concepción, 131 D.P.R. (1992), *1194 92 J.T.S. 66, a la pág. 9535. Del contrato entre hospital y el galeno no se deriva la alegada solidaridad que reclama el tribunal recurrido. En el acuerdo, el médico asume y se responsabiliza de todo pleito o demanda judicial o extrajudicial, por cualquier causa, que resulte o esté relacionada con su práctica de la medicina dentro de la ejecución del contrato de servicios profesionales entre las partes, que a su vez permite al médico ejercer en el hospital. Se estipula que en tal caso la corporación hospitalaria sólo será responsable de cubrir los gastos de su defensa. Asunción de responsabilidad y acuerdo de mantener a salvo no son sinónimos de solidaridad.
Por tal razón, tampoco es aquí de aplicación la Regla 51.7 de las de Procedimiento Civil, según expone la recurrida en su oposición a la moción de desestimación. Tal regla sólo es aplicable cuando: 1) existe responsabilidad solidaria previa, dimanante de una obligación contractual y 2) cuando se invoca contra quienes pudieron haber sido demandados y emplazados al iniciarse la acción. Ausente uno de estos requisitos la regla no es aplicable. Pauneto v. Núñez, 115 D.P.R. 591, 595-596 (1984). José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., 1979, 286-287.
IV
En caso de que el Comisionado de Seguros entienda que en la transacción del 20 de diciembre de 1991 CIS pagó por la negligencia de otro, podrá auscultar la posibilidad legal de accionar contra tal tercero en causa civil ordinaria de daños y perjuicios, conforme al Art. 1802 del Código Civil (1930), 31 L.P.R.A. § 5141; Santiago v. A.C.A.A., 119 D.P.R. 711 (1987). La parte así reclamada tendrá entonces acceso a todas las defensas de ley que entienda le amparan.
Examinada esta causa desde tal perspectiva, entendemos que originalmente la demanda en la causa número F DP89-0545 interrumpió la prescripción del Art. 1868 (31 L.P.R.A. 5298) en cuanto a la Dra. Walker, por vía de la alegación contra Dra. "Zutana" y las disposiciones de la Regla 15.4 de Procedimiento Civil, supra, partiendo de la premisa de que en ese momento la señora Rivas desconocía su nombre verdadero, y por ello hizo uso adecuado de dicha regla, Martínez Díaz v. E.L.A., supra. Ello no alcanza a la co-demandada CIS, ahora bajo el Comisionado de Seguros. Esta última conocía desde un principio cuál era el verdadero nombre de la Dra. "Zutana", aún así no la trajo al pleito como tercera demandada y tampoco promocionó que el demandante sustituyese el nombre ficticio por nombre real, para luego proceder al subsiguiente emplazamiento personal.
No obstante lo antes señalado, la prescripción es una defensa afirmativa que al amparo de la Regla 6.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 6.2, debe ser levantada ante alegaciones apropiadas. Texaco P.R., Inc. v. Díaz, 105 D.P.R. 248 (1976). A falta de ello no puede ser considerada por el foro de instancia ni el de apelación. En el expediente del epígrafe no ha sido levantada ni considerada la defensa de prescripción y por tal razón no podemos consideraría.
y
Es doctrina reiterada que al examinar una moción de desestimación, el tribunal debe tomar como ciertos los hechos bien alegados en la demanda, y al ejercer su discreción debe hacerlo de la manera más favorable al promovido. Rivera Flores v. Compañía ABC, 139 D.P.R. (1995), 95 J.T.S. 22, a la pág. 673. Tal moción se declarará con lugar únicamente "... si el promovente no tiene derecho a ningún remedio bajo cualesquiera hechos que él pueda probar en el juicio." Granados Navedo v. Rodríguez Estrada I, 124 D.P.R. _ (1989); Candal v. C.T. Radiology Office, Inc., 112 D.P.R. 297 (1982). En las alegaciones 7, 8 y 9 de la demanda del 19 de diciembre de 1994 (causa civil 94-3366 (407), se alega:

"7. Todos estos daños sufridos por la señora Rivas González fueron causados por la 
*1195
negligencia de la Dra. Amina Walker Medina en el tratamiento de esta paciente.

8. En fecha de 20 de diciembre de 1991, este Honorable Tribunal dictó sentencia por estipulación en la cual condenó a la Corporación Insular de Seguros al pago de $37,000.00 y a la co-demandada Universidad de Puerto Rico al pago de $3,000.00 para un total de $40,000. Esta sentencia fue notificada el 24 de diciembre de 1991.

9. En fecha de 28 de enero de 1992, la Corporación Insular de Seguros págó la suma antes mencionada mediante el cheque número 148685."

En la medida que ello pueda configurar un reclamo contra la Dra. Walker, independientemente de la mal alegada solidaridad, mancomunidad o la Regla 51.7, supra, no debemos desestimar la demanda, porque en este momento no podemos resolver que "... el promovente no tiene derecho a ningún remedio bajo cualesquiera hechos que él pueda probar en el juicio".
Dictamen
Conforme a lo señalado, la Dra. Amina Walker no es deudora solidaria en la causa FDP89-0545. Por lo tanto, en la causa número 94-3366 (407) ante el Tribunal de Primera , Instancia, Sub-sección de Distrito, Sala de Carolina, no responde, ni existe causa de acción en su contra, por responsabilidad solidaria o mancomunada.
El Comisionado de Seguros podrá, en representación de CIS, tratar de establecer la negligencia imputada a la Dra. Walker, en la causa 94-3366 (407) como caso nuevo y totalmente independiente al F DP89-0545. De así lograrlo, podrá recuperar todo o parte de los $37,000 pagados en estipulación por CIS el 20 de diciembre de 1991, según se pueda adjudicar responsabilidad y cuantía en dicho proceso independiente.
En consecuencia y debido a que el trámite en alzada se da contra el dictamen y no contra sus fundamentos, Alvarez v. González Lamela, 135 D.P.R. _ (1993), 93 J.T.S. 132, a la pág. 11142 y Díaz Martínez v. Policía, 135 D.P.R. _ (1993), 93 J.T.S. 122, pág. 11048, debemos confirmar el dictamen recurrido y ordenar la continuación del trámite en instancia, conforme y atendido lo aquí señalado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA83
1. Entidad que administra y opera el Hospital Dr. Federico Trilla del Area de Carolina.
2. El Artículo 1715 del Código Civil, 31 L.P.R.A. see. 4827, recoge el principio favorable a la autoridad de la cosa juzgada de lo convenido en la transacción. Este dispone que "[l]a transacción tiene para las partes la autoridad de cosa juzgada, pero no procederá la vía de apremio sino tratándose del cumplimiento de la transacción judicial". Esto significa que las partes tienen que considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre éstos. Citibank v. Dependable Ins. Co. Inc., 121 D.P.R. 503, 516 (1988). También significa que la transacción judicial es la única que tiene fuerza para abrir la vía de apremio, es decir, pedir la ejecución como si se tratara de una sentencia firme.
Como consecuencia, existe una gran diferencia en cuanto a la manera de poder llevar a la práctica lo convenido en transacción, según que ésta sea extrajudicial o judicial. La judicial puede llevarse a efecto por los *1196 trámites de la ejecución de sentencias; mientras que la extrajudicial sólo puede hacerse cumplir cuando se haya declarado su eficacia en el juicio correspondiente. Espín Cánovas, supra, pág. 734; Puig Peña, supra, pág. 382. Ñeca Mortgage Corp. v. A & W Dev., S.E., 139 D.P.R. _ (1995), 95 J.T.S. 10, p. 604.