TEXACO PUERTO RICO, INC., demandante y peticionaria, *v.* ANTONIO R. DÍAZ y DIAZLITE, INC., demandados y recurridos.

Número: O-76-296          Resuelto: 30 de septiembre de 1976

R. *Rodríguez Lebrón*, William *Estrella*, Jorge *Rodríguez Micheo* e Igor *Domínguez,* abogados de la peticionaria; *Andreu Ribas & Ramos Díaz,* abogados de los recurridos.

PER CURIAM: En junio de 1975 Texaco Puerto Rico, Inc., demandó a Antonio R. Díaz y a Diazlite, Inc., en ejecución de una hipoteca constituida en garantía de una deuda de $93,674, más intereses y otros créditos relacionados, y en cobro de $21,431.26 por alegadas ventas a crédito a los demandados de equipo para almacenamiento de productos de petróleo. Un mes después los demandados contestaron la demanda. Transcurrieron varios meses y en febrero de 1976 los demandados enmendaron su contestación y reconvinieron para reclamar de Texaco $58,652 por alegados costos de combustibles y supuestos daños. Cinco días después Texaco contestó la reconvención mediante una negativa general. Alega Texaco que luego de formular interrogatorios a los demandados, contestados el 4 de marzo de 1976, y de tomar una deposición al codemandado Díaz el 11 de marzo de 1976, pudo precisar los hechos que sostenían la reclamación de los demandados y descubrir que de tener algún derecho, dicha reclamación está prescrita. En su consecuencia, al día siguiente de tomar la deposición, propusieron enmendar su

contestación a la reconvención para incorporarle la defensa de prescripción. Se opusieron los demandados y el tribunal a quo, por resolución de 27 de abril, se negó a admitir la enmienda. Adujo que la defensa afirmativa de prescripción fue renunciada al no promoverse al contestarse la reconvención.

Texaco nos solicita que expidamos *certiorari* y revisemos dicha resolución. El 4 de agosto expedimos orden dirigida a los recurridos en que les requerimos mostrar causa en un plazo de 15 días por la cual no debíamos expedir el auto y dejar sin efecto la referida resolución. Los demandados recurridos comparecieron oportunamente en atención a nuestro requerimiento de mostración de causa. No nos convencen.

Ciertamente, la defensa afirmativa de prescripción debe exponerse en la alegación respondiente que se haga contra una reclamación. Regla 10.2 de Procedimiento Civil. Y bajo la 10.8 se entiende que una parte renuncia a dicha defensa si no la formula en la forma dispuesta por la 10.2. Pero estas disposiciones deben leerse en el contexto general de las Reglas, cuya función es, ante todo, garantizar que se haga justicia. Así la Regla 13.1 establece la pauta de que el permiso para que una parte enmiende sus alegaciones "se concederá liberalmente cuando la justicia así lo requiera." En *Epifanio Vidal, Inc.* v. *Suro,* 103 D.P.R. 793 (1975), señalamos las limitaciones a esa liberalidad y resolvimos que la defensa de prescripción podrá revivirse bajo circunstancias "demostrativas de que la omisión [de presentarla a tiempo] no se debió a falta de diligencia y que por otro lado no ha de irrogarse substancial perjuicio en términos de una solución justa, rápida y económica a la parte contra quien se opone." Véase, en igual sentido, *Torres Cruz* v. *Municipio de San Juan,* 103 D.P.R. 217 (1975).

Aquí, la reclamación de los demandados data, según exponen, del 1963. No la expusieron al contestar la demanda. Lo hicieron seis meses después. La demandante, al otro día de tomar la deposición recurrió al tribunal para invocar su

defensa de prescripción que alega surgió precisamente como resultado del descubrimiento de prueba. Demostró dicha parte ser diligente. Y los demandados no han demostrado que el planteamiento de prescripción les haya causado perjuicio. El tribunal de instancia, bajo las circunstancias, no debió negar de plano el permiso para invocar la defensa de prescripción.

*Se expedirá el auto, y se dictará sentencia para dejar sin efecto la resolución del tribunal recurrido de 27 de abril de 1976, y para además que se tenga por enmendada la contestación a la reconvención a los fines de exponer la defensa de prescripción, sobre la cual deberá resolver en su día el tribunal recurrido conforme a sus méritos.*