Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Juan Rivera Rivera, Myrta Rivera Rivera, Ricardo Rivera Rivera y otros<br><br>Apelantes<br><br>vs.<br><br>Ángel L. Malavé Torres, Julia Negrón Rivera<br><br>Apelados | KLAN202500100 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Civil Núm.: AI2023CV00190<br><br>Sobre: Posesión Indebida, Acción Contradictoria de Dominio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2025.

Comparece ante nos la sucesión de Cristina Rivera Rivera,[1] (en adelante, la Sucesión o apelantes) solicitándonos la revocación de la "Sentencia Sumaria" emitida el 22 de noviembre de 2024,[2] por el Tribunal de Primera Instancia, Sala de Aibonito (en lo sucesivo, TPI o foro apelado). Mediante el referido dictamen el TPI declaró "Con Lugar" la moción de sentencia sumaria presentada por el señor Ángel L. Malavé Torres y la señora Julia Negrón Rivera (en adelante apelados), y en consecuencia les reconoció la adquisición por prescripción adquisitiva del predio objeto del presente litigo.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen emitido por el foro apelado por los fundamentos que expondremos a continuación.

---

[1] Compuesta por Cristina, Juan, Myrta, Ricardo, Gilbert, María, Esther, William, Ada y Carlos, todos de apellidos Rivera Rivera.
[2] Notificada el 2 de diciembre de 2024.

Número Identificador

SEN2025 _____

# I.

Según surge del expediente ante nuestra consideración, la señora María Esther Rivera Rivera y el señor William Rivera Rivera presentaron "Demanda" sobre posesión indebida el 8 de mayo de 2023 contra la parte apelada, dueños registrales de una finca colindante producto de una segregación. En ella, alegaron que, la parte apelada invadió su propiedad con el propósito de efectuar una construcción permanente, a pesar de varias advertencias de que estaban poseyendo parte de su inmueble conforme los rumbos, puntos y colindancias de las fincas. En consecuencia, solicitaron al foro apelado la restitución de la posesión de su inmueble.

En respuesta, los apelados sometieron el 19 de julio de 2023 su "Contestación a la Demanda" en la cual levantaron varias defensas afirmativas incluyendo: 1) que la demanda no expone una reclamación que justifique la concesión de un remedio, 2) que la demanda es una frívola y prescrita, y 3) que el predio que se pretende reivindicar fue parte de la segregación que antecedió la compraventa, por lo que el área en controversia es parte de su finca.

Luego de varios incidentes procesales, el 7 de agosto de 2023 se celebró la conferencia inicial. En dicha ocasión, el TPI le ordenó al apelante enmendar la demanda para incluir las descripciones de las propiedades y, a su vez, aclarar en qué consiste y dónde se ubica la supuesta invasión.

En cumplimiento de orden, el 28 de septiembre de 2023 los apelantes presentaron la "Demanda Enmendada" con la información requerida. En respuesta, el TPI les concedió un término de 20 días a los apelados para presentar su respuesta.

En lugar de presentar sus alegaciones responsivas, el 6 de octubre de 2023, la parte apelada presentó una moción de

desestimación al amparo de la Regla 10.2 de Procedimiento Civil. 32 LPRA Ap. V, R. 10.2. Adujo que, la demanda enmendada no establece de cuánto terreno consiste la supuesta invasión o cuáles son los puntos, rumbos y colindancias ocupadas.

Según ordenado, la Sucesión se opuso el 19 de octubre de 2023 a la moción de desestimación arguyendo que, las alegaciones cumplen con las exigencias de presentar una relación sucinta y sencilla de los hechos y que, en esa etapa de los procedimientos, no tocaba desfilar prueba.

El TPI, mediante "Orden" emitida 23 de octubre de 2023, declaró "No Ha Lugar la moción de desestimación. Adicionalmente, se les ordenó a los apelantes que, de ser necesario, se radicara una demanda enmendada para incluir a la alegada parte indispensable.

Al siguiente día, entiéndase el 6 de diciembre de 2023, se celebró la continuación de la conferencia inicial, en la cual se le concedió 10 días para que presentara una demanda enmendada con hechos correctos y precisos para que la parte apelada pudiera cumplir con el descubrimiento de prueba.

El apelante compareció el 11 de diciembre de 2023, mediante "Moción en cumplimiento de Orden y Sobre otros Varios Extremos", en la cual comunicó al TPI que ya había presentado una demanda enmendada el 28 de septiembre de 2023, y que dicha demanda seguía en espera de la contestación del apelado, según les fue ordenado por el propio foro. Añadieron que los apelados no habían cumplido con el descubrimiento de prueba, por tanto solicitaron que el TPI les ordenase a los apelados contestar el interrogatorio y que se le anotara la rebeldía por no contestar la demanda enmendada.

El 13 de diciembre de 2023 el TPI emitió una "Orden" en la cual dispuso "nada que proveer". Mediando moción para ello, el TPI reconsideró su dictamen y, el 22 de diciembre de 2023, ordenó

a los apelados contestar la demanda enmendada y el interrogatorio. Mandato que fue completado el 15 de enero de 2024, cuando remitieron a los apelantes las contestaciones solicitadas.

El 17 de enero de 2024 los apelados presentaron su "Contestación a la Demanda Enmendada". Allí levantaron como defensas afirmativas: 1) que la demanda estaba prescrita debido a que los apelantes nunca hicieron idéntica reclamación a los dueños anteriores, 2) ausencia de parte indispensable por no haberse acumulado los dueños anteriores, 3) que la demanda deja de exponer hechos que establezcan una invasión, y 4) que los apelantes no tienen legitimación activa para realizar la reclamación ante falta de evidencia sobre su estatus como los herederos de la finca.

En la Vista de Seguimiento celebrada el 5 de marzo de 2024, las partes dialogaron sobre la construcción que se pretendía hacer y acordaron que confirmarían mediante una inspección ocular si la construcción cae dentro del perímetro de los 615.01 metros cuadrados pertenecientes a los apelados. Para ello, el tribunal expresó, en común acuerdo con las partes, que procedía la contratación de un agrimensor, y concedió término para que las partes informen el resultado de la evaluación del predio y/o algún acuerdo entre las partes.

Luego de varias prórrogas, el 20 de junio de 2024 los apelantes presentaron una "Moción Informativa". En ella notificaron al foro apelado que no lograron un acuerdo, pues era su postura que el punto de inicio que tomó el agrimensor se distancia del original, extendiéndose el ancho e invadiendo su finca.

Con relación al descubrimiento de prueba, el 26 de junio de 2024, los apelados sometieron "Moción Solicitando Orden" para

que el TPI ordenara a los apelantes a contestar el interrogatorio y requerimiento de admisiones de parte cursados el 5 de diciembre de 2023. Dicha solicitud fue concedida el 23 de julio de 2024. Por su parte, los apelantes notificaron el 25 de julio de 2024 que habían cursado un pliego de interrogatorio y producción de documentos.

El TPI notificó una "Resolución" el 30 de julio de 2024, solicitando a ambas partes: 1) copias de las escrituras de sus respectivas fincas, 2) copia del plano de mensura, y 3) de no existir un plano, el nombre de un agrimensor seleccionado por las partes para la elaboración de un plano.

El 1 de agosto de 2024, los apelantes presentaron una "Moción Informativa" informando que sometieron la contestación a interrogatorio y requerimiento de admisiones cursados por los apelados.

El 21 de agosto de 2024, los apelados presentaron una "Moción para que se Dicte Sentencia" la cual fue acogida por el TPI como una solicitud de sentencia sumaria. En ella, aclararon que la construcción que pretendían erigir consistía en un estacionamiento sobre un sótano, que fue construido por los titulares anteriores con el permiso del titular que segregó la finca. Basado en lo anterior, admitieron que, aunque el sótano sobresale los 615.01 metros cuadrados —dato que nunca les fue notificado— este fue incluido en la compraventa. Además, arguyeron que, desde la compraventa en el 1992, han vivido la finca en concepto de dueños, ininterrumpidamente, de forma pública y pacífica. Por tanto, solicitaron la prescripción adquisitiva ordinaria por haber poseído la propiedad por más de 10 años de buena fe y con justo título.

Mediando término para ello, la parte apelante presentó el 22 de septiembre de 2024 su "Oposición a Moción de Sentencia

Sumaria y en Solicitud de que se Dicte Sentencia a favor de la Parte Demandante". En ella, argumentaron que, la controversia no gira en torno a las escrituras de compraventa que la parte anejó a su moción, sino sobre los puntos y colindancias que fueron alterados. Señalaron que se desprende de las contestaciones suplidas a los interrogatorios que se aceptó que la cabida de la finca excede la descripción registral, y a pesar de ello, no se presentó evidencia sobre la autorización para construir el sótano.

El 30 de septiembre de 2024 el apelado presentó su "Réplica a la Moción de Oposición a la Solicitud de Sentencia Sumaria y de que se Dicte Sentencia a Favor de la Parte Demandante". En esa ocasión reiteró su solicitud de prescripción adquisitiva enfatizando que el área en controversia fue exceso de terreno incluido en la compraventa.

El 4 de noviembre de 2024, los apelantes presentaron su "Dúplica a Réplica" en la cual adujeron que, no procedía la resolución sumaria del pleito ante contradicciones en los argumentos de los apelados, ya que por una parte alegan que adquirieron el área en la compraventa y luego argumentan por primera vez que fue por usucapión o prescripción adquisitiva.

Con el beneficio de ambas comparecencias, el TPI emitió el 22 de noviembre de 2024 una "Sentencia Sumaria", declarando "Con Lugar" la moción presentada por los apelados. En síntesis, el foro apelado concluyó que, no estaban presentes los requisitos para la acción reivindicatoria, pero sí identificó los requisitos para que se configurase la prescripción adquisitiva. Razonó el TPI que se cumplieron los requisitos de una posesión ininterrumpida, pública, pacífica y en concepto de dueño por un término en exceso de 10 años, según requeridos por ley.

Insatisfechos con la determinación, los apelantes presentaron el 16 de diciembre de 2024 una "Moción de

Reconsideración", que fue declara "No Ha Lugar" mediante "Orden" notificada el 9 de enero de 2025. Inconforme aun, recurren ante este foro apelativo intermedio y señalan la comisión de los siguientes errores, a saber:

> *Primer Error: Erró el Tribunal de Primera Instancia, Sala Superior de Aibonito, al dictar Sentencia Sumaria fundamentada en alegaciones inconsistentes de la parte demandada-apelada.*

> *Segundo Error: Erró el Tribunal de Primera Instancia al dictar Sentencia Sumaria aún cuando existe un genuina controversia de hechos.*

Mediante "Resolución" emitida el 12 de febrero de 2025, concedimos a la parte apelante un término, a vencer el 3 de marzo de 2025 para presentar su alegato en oposición. Según ordenado, la parte apelante presentó su "Oposición a la Apelación" el 28 de febrero de 2025, en virtud de ello, procedemos a resolver con el beneficio de ambas comparecencias.

## II.

### A.

En nuestro ordenamiento jurídico, la propiedad y los demás derechos sobre los bienes pueden obtenerse por vía de la prescripción adquisitiva o usucapión. Art. 549 del Código Civil de Puerto Rico, 31 LPRA sec. 1931; Art. 1830 del Código Civil de Puerto Rico, 31 LPRA sec. 5241. El efecto principal de la usucapión es la adquisición del dominio. Por tanto, una vez transcurrido la totalidad del término fijado en nuestro ordenamiento, de inmediato se materializa o consolida el dominio en la persona que, en unión a sus anteriores dueños, ha poseído durante ese periodo con los requisitos de ley. *Ex parte; Reyes; Rodríguez, Opositora,* 68 DPR 854 (1948).

Existen dos modalidades de la prescripción adquisitiva, a saber: la ordinaria y la extraordinaria. J.R. Vélez Torres, <u>Curso de Derecho Civil: los bienes, los derechos reales</u>, Madrid, Offirgraf,

S.A., T. II, 1983, pág. 265. La ordinaria "se caracteriza por la necesidad de justo título y la buena fe del poseedor". *Íd.* El concepto de buena fe consiste en la creencia del poseedor de que la persona de quien recibió la cosa era dueña de ella y que podía transmitir su dominio. Art. 1850 del Código Civil, 31 LPRA sec. 5271; *Bravman, González v. Consejo Titulares*, 183 DPR 827, 838 (2011). Mientras, la prescripción adquisitiva extraordinaria encuentra su base estatutaria en el Art. 1859 del Código Civil, 31 LPRA sec. 5280. Este articulado dispone que "[p]rescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante 30 años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes". *Íd.*

Por su parte, el justo título se define como aquel que es legalmente suficiente para transferir el dominio o derecho real de cuya prescripción se trate. Art. 1852 del Código Civil, 31 LPRA sec. 5273. Según Vázquez Bote, el plazo o término de tiempo requerido para que se adquiera la propiedad mediante la prescripción ordinaria es distinto, dependiendo de si se trata de bienes muebles o inmuebles. "Para los muebles, el Art. 1.855, C.C., establece un plazo de tres años, mientras que, tratándose de inmuebles, es necesaria una posesión de diez años -si es entre presentes-, y de veinte, si es entre ausentes". E. Vázquez Bote, Derecho Privado Puertorriqueño, New Hampshire, Equity Publishing Company, 1991, T. VII, Vol. 1, pág. 380; Art. 1855 del Código Civil, 31 LPRA sec. 5276.

El tipo de posesión requerida para adquirir el dominio de un bien inmueble mediante usucapión es la denominada posesión civil y no la natural. *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 182 (2005). El Art. 630 del Código Civil, 31 LPRA sec. 1421, define "posesión natural" como la tenencia de una cosa o el

disfrute de un derecho, y "posesión civil" como la tenencia de una cosa o el disfrute de un derecho, unidos a la intención de hacer suya la cosa o el derecho.

Por lo tanto, la usucapión requiere que la posesión sea en concepto de dueño porque, "sólo la posesión en concepto de dueño puede servir de título para adquirir el dominio". *Bravman, González v. Consejo Titulares, supra*, pág. 839, citando a J. Puig Brutau, Fundamentos de Derecho Civil, Tomo III, Vol. 1, 3ra ed., Bosch, Barcelona, 1989, pág. 318. Se concibe que, un inmueble es poseído en concepto de dueño cuando la opinión pública o percepción general entiende que es el verdadero dueño, unido a los actos que el poseedor realiza con relación a la propiedad, independientemente de la creencia que sobre el particular éste pueda tener. *Vélez Cordero v. Medina*, 99 DPR 113, 119 (1970).

Por otro lado, nuestro Código Civil dispone que, contra un título inscrito en el Registro de la Propiedad no tendrá lugar la prescripción ordinaria. Esto, desde luego, no es así en la prescripción extraordinaria de 30 años. *Sucn. Rosa v. Sucn. Jiménez*, 77 DPR 551 (1954). De no interrumpirse el término prescriptivo para la prescripción adquisitiva, el usucapiente adquirirá el dominio de la cosa. Al consumarse la usucapión, la doctrina sostiene que, la actuación del usucapiente adquiere eficacia retroactiva al momento en que este inició la posesión con sus requisitos necesarios, mientras que los actos realizados por el poseedor anterior quedan resueltos. M. Albaladejo, Comentarios al Código Civil y Compilaciones Forales, Tomo XXV, vol. 1, EDERSA, Madrid, 1993, págs. 247-248.

**B.**

Al negar o admitir las alegaciones de una demanda, la parte que responde a la misma deberá incluir en su contestación "sus defensas contra cada reclamación interpuesta, junto con una

relación de los hechos demostrativos de que le asisten tales defensas". Regla 6.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2(a).

El citado inciso tiene el propósito de "eliminar la práctica de negar o aceptar escuetamente las aseveraciones de la demanda y enumerar un catálogo de defensas, sin aportar ningún hecho que las sustente". J. A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da ed., Publicaciones JTS, 2011, T. II, pág. 397. En otras palabras, "[y]a no es posible copiar el listado de defensas que reconoce la Regla 6.3 sin explicaciones". *Íd.*, a la pág. 398. "la nueva Regla 6.2(a) requiere que la parte exponga sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos que le asisten a tales defensas". *Íd.*

Por su parte, la Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3, establece las distintas defensas que puede invocar un demandado en su alegación responsiva. Una defensa afirmativa es la afirmación que hace el demandado con hechos o argumentos, que, de ser ciertos, derrotan la reclamación del demandante, aunque fueran aceptadas como correctas todas sus alegaciones. *Díaz Ayala et al. v. E.L.A.*, 153 DPR 675, 697 (2001); R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico, Derecho Procesal Civil</u>, 6ta ed., Puerto Rico, Lexisnexis, 2017, pág. 290.

Es decir, "[s]on defensas que principalmente comprenden materia de naturaleza sustantiva y/o materia constitutiva de excusa por la cual la parte demandada no deba responder a las reclamaciones instadas en su contra". *Díaz Ayala et al. v. E.L.A., supra*, a la pág. 695.

La Regla 6.3 de Procedimiento Civil, *supra,* en lo pertinente, dispone lo siguiente:

> (1) A*l responder a una alegación, las siguientes defensas deberán expresarse afirmativamente:*

...

*(q) prescripción adquisitiva o extintiva*

...

*Estas defensas deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia de la misma durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente.*

Según se desprende de la regla antes citada, una característica importante de estas defensas es que se entienden renunciadas si no se invocan al responder a una alegación, es decir, en la alegación responsiva. *Conde Cruz v. Resto Rodríguez, Jane Doe y otros*, 205 DPR 1043 (2020). Por tanto, un demandado que no invoque una defensa afirmativa en la contestación a la demanda, renuncia a ésta y no podrá plantearla en una etapa posterior del proceso judicial. *Íd.*, a la pág 1065; *Díaz Ayala et al. v. E.L.A.*, *supra*, a la pág. 696. Sin embargo, la Regla 6.3 de Procedimiento Civil, *supra*, permite a un demandado aducir una defensa afirmativa que no planteó en la contestación a la demanda "si los hechos que la fundamentan se conocen con posterioridad a la presentación de la contestación y con motivo del descubrimiento de prueba". Hernández Colón, *op. cit.*, pág. 291.

En tal escenario, corresponde al demandado enmendar su contestación a la demanda a los fines de incluir la defensa afirmativa que omitió aducir por desconocer que la tenía disponible cuando contestó la demanda. *Conde Cruz v. Resto Rodríguez, Jane Doe y otros, supra; Texaco PR, Inc. v. Díaz*, 105 DPR 248, 250 (1976).

## C.

La sentencia sumaria constituye el mecanismo procesal adecuado para resolver de manera justa, rápida y económica aquellos pleitos que no contienen controversias genuinas sobre

hechos esenciales y, por tanto, resulta innecesaria la celebración de un juicio. *BPPR v. Zorrilla Posada et al.*, 2024 TSPR 62. De este modo, el Tribunal solo podrá dictar sentencia sumariamente si la parte promovente demuestra "la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". Reglas 36.1 y 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.2. Un hecho esencial y pertinente es aquel que puede "alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable". *Cruz, López v. Casa Bella y otros*, 2024 TSPR 47.

La Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a), dispone que la solicitud de sentencia sumaria deberá contener lo siguiente:

*(1) Una exposición breve de las alegaciones de las partes;*

*(2) los asuntos litigiosos o en controversia;*

*(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*

*(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*

*(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*

*(6) el remedio que debe ser concedido*

Por otro lado, la parte que se opone a que se resuelva el pleito por la vía sumaria deberá presentar su contestación dentro del término de 20 días desde que le fue notificada la moción. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b).

Además, quien se opone deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). En otras palabras, deberá: (1) refutar los párrafos, según enumerados

por la parte promovente, que a su juicio están en controversia; y (2) hacer referencia a la evidencia sustancial donde se establecen los mismos. Regla 36.3(b) de Procedimiento Civil, supra. Así, no podrá descansar únicamente en sus alegaciones, sino que tiene que demostrar que, en efecto, posee prueba para sustanciar sus alegaciones. *BPPR v. Zorrilla Posada et al.*, *supra*, citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 328 (2013).

Ahora bien, el hecho de que la parte opositora no presente prueba para controvertir la evidencia presentada por el promovente, no supone la concesión automática de una moción de sentencia sumaria. *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 337 (2021). El Tribunal puede denegar la solicitud si en verdad existe una controversia sustancial sobre hechos esenciales y materiales. *Íd.* Asimismo, el juzgador deberá considerar que, al evaluar la moción de sentencia sumaria, toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone. *Birriel Colón v. Econo y otro*, 213 DPR 80, 91-92 (2023).

Al examinar la moción, no se dictará sentencia sumaria cuando: (1) existen hechos esenciales en controversia; (2) hay alegaciones afirmativas en la demanda que no se han refutado; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho esencial y pertinente; o (4) como cuestión de derecho no procede. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023).

En cuanto al alcance de la revisión judicial, nuestro Máximo Foro ha reiterado que los tribunales apelativos estamos en igual posición que el foro primario al revisar solicitudes de sentencia sumaria. *BPPR v. Zorrilla Posada et al.*, *supra*. Es decir, como parte de nuestra función revisora, este foro apelativo deberá hacer una evaluación *de novo* para determinar si existe o no controversia

sustancial o real en cuanto a algún hecho material. *Íd.* Empero, estamos limitados a: (1) considerar los documentos que se presentaron ante el foro primario; (2) determinar si existe o no controversia genuina de hechos esenciales y pertinentes, y (3) comprobar si el derecho se aplicó correctamente. *Cruz, López v. Casa Bella y otros, supra.* Esto implica que, en apelación, las partes no pueden esbozar nuevas teorías ni añadir prueba que no se presentó ante el tribunal de instancia. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 611 (2023).

### III.

Esgrimen los apelantes que erró el TPI al fundamentar su determinación en la figura de prescripción adquisitiva, ya que dicha figura es una defensa afirmativa que la parte apelada renunció por no levantarla oportunamente. Arguye, además, que existen controversias de hechos que le impiden al foro apelado disponer del presente caso por la vía sumaria. Lo anterior, debido a que el apelado levantó como defensa en su alegación responsiva, que era el dueño registral del área objeto de controversia y luego en su solicitud de sentencia sumaria argumentó por primera vez que adquirió el área mediante prescripción adquisitiva.

Por su parte, los apelados admiten que no alegaron la defensa de prescripción adquisitiva expresamente, pero le restan importancia a tal desapercibimiento debido a que, según ellos, la defensa podía inferirse de la información provista en las alegaciones, y que, además, entendían que los apelantes conocían que estaban presentes los requisitos para levantar la defensa. Finalmente, arguyeron que no existe controversia de hechos que impida la resolución sumaria del pleito, ya que los apelantes nunca presentaron prueba concreta que evidencie la supuesta invasión de terreno.

Adelantamos que, luego de un análisis ponderado del expediente y del derecho aplicable, nos vemos obligados a revocar el dictamen apelado. Nos explicamos.

Según expusimos en el acápite anterior, la prescripción adquisitiva es una defensa afirmativa, la cual **tiene** que levantarse como parte de las alegaciones responsivas, pues lo contrario consistiría en una renuncia de la defensa. Ahora bien, la Regla 6.3 de Procedimiento Civil, *supra,* admite una excepción a esta norma, pero solo cuando los hechos que fundamentan la defensa se descubren con posterioridad a la contestación a la demanda.

En este caso, no cabe duda de que la defensa de prescripción adquisitiva no fue levantada en ninguna de las alegaciones responsivas. Según examinamos en la sección de hechos procesales de este dictamen, los apelantes presentaron un sinnúmero de defensas afirmativas, tales como falta de parte indispensable, ausencia de legitimación activa y prescripción extintiva, sin embargo, la prescripción adquisitiva nunca fue mencionada. No fue hasta la moción de sentencia sumaria que, por primera vez, argumentaron que eran dueños del predio en cuestión mediante prescripción adquisitiva.

Recordemos que también hubo admisión de parte en la propia "Oposición a la Apelación", donde los apelantes reconocieron haber omitido la defensa y, a pesar de ello, arguyeron que la defensa se podía inferir del contenido de las alegaciones responsivas. Diferimos de dicho análisis.

Las defensas afirmativas, por su naturaleza, tienen que alegarse expresamente, pues su propósito es derrotar la reclamación del demandante en una etapa temprana de los procedimientos. Por tanto, no podemos reconocer la existencia de una defensa afirmativa por el mero hecho de que surgía de las alegaciones responsivas información sobre la compraventa que

luego pudiese justificar una posesión pública, ininterrumpida y en concepto de dueño.

Es evidente que tampoco aplica la excepción a la presentación tardía, pues según admitido por los apelados, éstos conocían que estaban presentes los requisitos para la prescripción adquisitiva desde el comienzo del pleito.

Por todo lo anterior, debemos concluir que la parte apelada renunció a la defensa afirmativa, por lo que el foro apelado estaba imposibilitado de concluir que se había configurado la figura para justificar la resolución del pleito.

Adviértase que, la determinación de improcedencia de la defensa afirmativa no le prohibía al TPI atender la moción de sentencia sumaria, solo que su análisis debía girar en torno a la figura de acción reivindicatoria, según alegada por los apelantes.

**Al examinar dicha figura, el foro apelado concluyó que, no se cumplían los requisitos para declarar con lugar la acción reivindicatoria, puesto que no quedó identificado de manera clara y precisa el objeto de la controversia.**

Primeramente, como la moción de sentencia sumaria y el argumento de prescripción adquisitiva, fueron presentadas por los apelados, el peso de la prueba para evidenciar la acción reivindicatoria descansaba sobre los apelantes y en su escrito en oposición a la sentencia sumaria, donde se reclamó la referida causa de acción. Luego de examinar la escueta oposición, concluimos que ésta incumplió con los requisitos esbozados en la Regla 36.3 (c) de Procedimiento Civil, *supra.*

Según se desprende del expediente, la parte apelante falló en contestar de forma detallada y específica la moción del promovente, y a pesar de solicitar que se dictara sentencia a su favor, no acompañó prueba que colocará al TPI ni este foro apelativo en posición de declarar con lugar su moción. Por lo cual,

al amparo de nuestra función revisora en casos de sentencias sumarias, coincidimos con el foro apelado en su determinación de declarar sin lugar la acción reivindicatoria. Sobre este aspecto, determinamos que persisten controversias de hechos materiales que nos impiden disponer del presente caso por la vía sumaria.

Al evaluar el apéndice de la referida moción, notamos que los apelantes sólo incluyeron una contestación a un interrogatorio que los apelados le cursaron, que apenas contenía cinco incisos, los cuales por sí solos resultan insuficientes para disponer sumariamente de la controversia.

**Por todo lo anterior, ordenamos la devolución del caso al Tribunal de Primera Instancia para que continúen los procedimientos ordinarios, y para que los apelantes puedan probar su caso con evidencia que sustenten sus alegaciones.**

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, revocamos la "Sentencia Sumaria" emitida por el Tribunal de Primera Instancia, Sala de Aibonito. Se devuelve el caso para la continuación de los procedimientos ulteriores conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones