Escribano Medina, Juez Ponente
*695 TEXTO COMPLETO DE LA SENTENCIA
Comparece la parte apelante, Municipio Autónomo de Caguas quien apela de una sentencia emitida por el Tribunal de Apelaciones, Sala de Caguas, (Hon. José Ramos Aponte, J.) del 26 de junio de 2007, notificada el 29 de junio de 2007. En la misma, el Tribunal declaró con lugar la demanda presentada.
I
El pasado 23 de enero de 2003, Carlos Batista Ramírez, Olga Jiménez Puig y Reynaldo Pereira Báez presentaron demanda contra el Municipio de Caguas sobre acción civil para solicitar inscripción registral. Como parte de las determinaciones de hechos en la sentencia, el Tribunal incluyó las siguientes. Las mismas, las hacemos formar parte de este escrito por entenderlas sustentadas por el expediente.
El 24 de noviembre de 1960, los esposos Batista Jiménez adquirieron de Monserrate Sanjurjo Viuda de *696 Vicéns, una parcela de terreno de (1,074.28 m/c), según surge de la escritura número 244 otorgada en Caguas, Puerto Rico, ante el notario público Juan Calzada González. La señora Jiménez testificó que residió allí conjuntamente con su esposo e hijos desde aproximadamente el año 1961 y que allí vivió hasta el año 1998 cuando se mudó al estado de la Florida, Estados Unidos.
Los esposos Batista Jiménez cercaron la parte posterior de su propiedad, pues no tenían vecinos cercanos y ocuparon lo que a su juicio constituia el predio de terreno adquirido. Posteriormente, cuando se comienza a urbanizar el área, los esposos se percataron de que la porción de terreno ocupada por éstos, excedía la cabida de los 1.074.28 metros adquiridos. En su patio, éstos habían construido una piscina y tenían varios árboles frutales. Así lás cosas, los esposos comenzaron a hacer gestiones con los otros miembros de la Sucesión Jiménez Sanjuijo para inscribir a su nombre en el Registro de la Propiedad aquella porción de terreno que excedía la cabida de su solar y que estaba siendo ocupada por ellos desde el 1961. Paralelamente, la Sucesión Jiménez Sanjuijo acordó con el Municipio Autónomo de Caguas (el Municipio), venderle una porción de terreno equivalente a 8.2408 cuerdas, la cual colinda por el Sur con la Urbanización Terralinda y con la residencia de los esposos Batista Jiménez.
Mediante Resolución de 20 de septiembre de 1979, la Oficina Regional de A.R.P.E. autorizó la segregación de un solar con cabida de 722.0258 metros cuadrados para ser agrupado al terreno de los esposos Batista Jiménez.
Una vez obtenidos los permisos y autorizaciones de las agencias concernidas, el 9 de enero de 1981, mediante la escritura Número 4 sobre Segregación, Compraventa y Agrupación, ante el notario público Luis Guillermo Velázquez Ortiz, los esposos Batista-Jiménez adquirieron de la Sucesión Jiménez Sanjuijo la parcela de terreno de 722.0258 metros cuadrados y la agruparon a la finca de su propiedad.
Según surge de dicha escritura, el antes mencionado predio de terreno se segregó de la parcela “C\ con cabida de 8.2408 cuerdas. Ese mismo día, mediante la escritura Número 5 sobre Segregación y Compraventa, otorgada en Caguas, Puerto Rico, ante el notario público Edward Bayouth Babilonia, el Municipio adquirió de la Sucesión Jiménez Sanjurjo, la Parcela “C”, con cabida de 8.2408 cuerdas.
Un examen de las referidas escrituras revela que ni los notarios ni las partes se percataron de que la porción de terreno ocupada y adquirida por los esposos Batista-Jiménez había sido vendida también al Municipio. Los esposos Batista-Jiménez testificaron que no se percataron del error, pues éstos depositaron su confianza en el notario.
Pasado el tiempo, se enteraron de que el notario Luis Guillermo Velázquez Ortiz no había presentado al Registro de la Propiedad la Escritura Número 4 sobre Segregación, Compraventa y Agrupación y de que la escritura relativa a la Parcela “C” adquirida por el Municipio sí había sido presentada al Registro de la Propiedad, Sección de Caguas. Como resultado de lo anterior, la referida Parcela “C“ quedó inscrita en el Registro de la Propiedad a nombre del Municipio con la cabida de 8.2408 cuerdas.
Los esposos testificaron que durante todo el tiempo que ocuparon la porción de terreno que excedía el predio en donde ubica su residencia, la posesión fue de buena fe, pública, no interrumpida y en concepto de dueño. Testificaron, además, que hicieron gestiones con el Municipio para exponerles la situación y tratar de que inscribiera el solar de 722.0258 metros cuadrados a su nombre, pero que sus gestiones no tuvieron éxito.
El Municipio, por su parte, no presentó prueba testifical alguna y la única pieza evidenciaría que presentó consistió en una Certificación Registral, de la cual surge que la Parcela “C” de 8.2408 cuerdas, está inscrita a su •nombre.
Finalmente, el Tribunal declaró con lugar la demanda por entender que los demandantes-apelados poseyeron *697 el predio en cuestión, de buena fe, en forma pública, pacífica, no interrumpida y en concepto de- dueños por más de 30 años. Ordenó el Tribunal al Registrador de la Propiedad a inscribir la parcela en controversia a favor de los esposos Jiménez Batista, agrupándola- a la finca y a hacer la correspondiente anotación referente a la disminución en la cabida de la finca adquirida por el Municipio.
Inconforme con la sentencia dictada, el Municipio acudió ante nos y señaló la comisión de los siguientes errores por el Tribunal de Instancia: •

“1. Erró el Honorable Tribunal de Primera Instancia al no establecer que los demandantes nunca adquirieron dominio por prescripción vía ordinaria sobre el predio en controversia antes del 9 de enero del 1981, por carecer ésta de posesión de buena fe y justo título, requisitos indispensables para poder adquirir por dicha vía. Además que nunca ejecutaron acción judicial al respecto antes de dicha fecha.

2. Erró el Honorable Tribunal de Primera Instancia al no reconocer que los demandantes nunca adquirieron dominio vía prescripción de dominio ordinaria posterior al 9 de enero de 1981 y ante el nuevo propietario registral, debido a que carecían de buena fe y justo título, además de que el reconocimiento tácito de los propios demandantes al derecho real del demandado interrumpió cualquier posesión si alguna que éstos tuviesen para propósitos de adquirir por la mencionada vía.

3. Erró el Honorable Tribunal de Primera Instancia al no reconocer que los demandantes tampoco adquirieron dominio por prescripción vía extraordinaria.

4. Erró el Honorable Tribunal de Primera Instancia al de Apelaciones (sic) al no establecer que la acción correcta en derecho que le correspondía ejercer a los demandantes era la de obtener reparación por los daños y perjuicios que se le causaron como consecuencia de la omisión o negligencia del Notario Público Luis Guillermo Velásquez y/o en su caso por la Sucesión Sanjurjo.

5. Erró el Honorable Tribunal de Primera Instancia al dictar una sentencia que es contraria a la protección que brinda el ordenamiento jurídico al titular registral y de los principios de fe pública y publicidad del Registro de la Propiedad. En particular, al hecho de que la sentencia es contraria al principio de “primero en tiempo mejor en derecho ”.

6. Erró el Honorable Tribunal de Primera Instancia al dictar Sentencia, ya que carece de competencia para atender en este caso debido a que los demandantes no concluyeron el proceso administrativo ordinario ante el Registro de la Propiedad.

7. Erró el Honorable Tribunal de Primera Instancia al establecer que tenía competencia en el caso, ante el hecho de no haberse agotado el recurso administrativo adecuado. ’’

II
Prescripción Adquisitiva
Nuestro ordenamiento reconoce la usucapión o prescripción adquisitiva del dominio o de los demás derechos reales por medio de la posesión ininterrumpida, pública, pacífica y en concepto de dueño durante el tiempo fijado por ley. Artículo 1841 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 5262.
Existen dos tipos de prescripción adquisitiva, estas son: la ordinaria y la extraordinaria. La ordinaria está regulada por el Alt. 1857 del Código Civil, 31 L.P.R.A. see. 5278, y requiere que concurran la buena fe y el justo título, además de la posesión durante un plazo de 20 años entre ausentes y 10 años entre presentes. En la extraordinaria, regulada por el Art. 1859 (31 L.P.R.A. see. 5280), no son necesarios los requisitos de buena fe y *698 justo título; sin embargo, se requiere, un plazo de posesión de treinta años. Establece dicho artículo que "[s]e prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en la see. 1653 de este título".
Esta excepción se refiere a las servidumbres continuas no aparentes y todas las discontinuas, sean o no aparentes, las cuales sólo pueden ser adquiridas en virtud de título no estando sujetas a la prescripción. Véase, Art. 475 del Código Civil, 31 L.P.R.A. see. 1653.
En Dávila v. Córdova, 77 D.P.R. 136, 150 (1954), el Tribunal Supremo esboza detalladamante los requisitos que debe demostrar quien pretende adquirir la posesión por prescripción adquisitiva extraordinaria. Debe demostrarse: (1) una posesión continuada durante treinta años sobre el inmueble; (2) por haberla así tolerado el dueño; (3) ya que el prescribiente entró en posesión sin autorización, permiso o licencia del dueño o en virtud de contrato celebrado con éste; (4) que la ha mantenido el poseedor en concepto público de dueño de acuerdo con la creencia colectiva de la comunidad y no en virtud de la creencia del poseedor; (5) que esa posesión resulte además pública y pacífica; (6) no se haya interrumpido naturalmente, o sea por abandono de la cosa por el poseedor por más de un año, o civilmente, en virtud de diligencia judicial o notarial, o por reconocimiento expreso o tácito del derecho del dueño hecho por el poseedor antes de transcurrir los treinta años durante los cuales se consuma la prescripción; y (7) que el poseedor no haya renunciado expresa o tácitamente a su título por prescripción debido a alguna causa que resulte eficaz en derecho para tal renuncia después de consumada la prescripción extraordinaria.
La usucapión en curso, sin embargo, puede ser impugnada interrumpiéndola o impidiendo que la misma se consuma. Artículos 1843-1848 del Código Civil, supra, secs. 5264-5269. La interrupción de la prescripción anula el tiempo pasado e inicia un nuevo término. M. Albaladejo, Comentarios al Código Civil y Compilaciones Forales, Tomo XXV, Vol. 1, EDERSA, Madrid, 1993, a la pág. 292. Quien alega tal interrupción, tiene que probarla porque la continuidad de la posesión se presume. Así también, quien impugna la usucapión en curso, puede atacar y reclamar la posesión o aducir que el usucapiente no reúne los requisitos exigidos para usucapir. M. Albaladejo, supra, a la pág. 275. Ahora bien, la aparente usucapión consumada también puede ser atacada demostrando que durante la posesión, el usucapiente no reunió los requisitos legales necesarios para usucapir. M. Albaladejo, supra, a la pág. 253.
Por otro lado, nuestro Código Civil dispone que contra un título inscrito en el Registro de la Propiedad no tendrá lugar la prescripción ordinaria. Esto, desde luego, no es así en la prescripción extraordinaria de treinta (30) años. Sucn. Rosa v. Sucn. Jiménez, 77 D.P.R. 551 (1954).
Doble venta. Artículo 1362 del Código Civil
El Art. 1362 del Código Civil, 31 L.P.R.A. see. 3822, establece el procedimiento a seguir en casos en que el objeto de contratación ha sido vendido a diferentes compradores. Expresa dicho artículo que:

“Si una misma cosa se hubiere vendido a diferentes compradores, la propiedad se transferirá a la persona que primero haya tomado posesión de ella con buena fe si fuere mueble.

Si fuere inmueble, la propiedad pertenecerá al adquirente que antes la haya inscrito en el registro.

Cuando no haya inscripción, pertenecerá la propiedad a quien de buena fe sea primero en la posesión; y faltando ésta, a quien presente título de fecha más antigua, siempre que haya buena fe. ”

En Jordán v. Padró, 103 D.P.R. 813 (1975), el Tribunal expresó, respecto a este artículo: “Desde principios *699 de siglo, dimos vigencia a la norma de que la aplicación de este precepto exige y está subordinado a la existencia de buena fe del que inscribe; esto es, el desconocimiento de la venta previa.” (Citas omitidas). Cabe mencionar en este punto que la buena fe se presume siempre y el peso de la prueba recae en quien afirme lo contralio. Art. 363 del Código Civil, 31 L.P.R.A. 1425.
III
Los primeros tres errores alegados por la parte apelante versan en torno a la figura de la prescripción adquisitiva tanto por la vía ordinaria, como por la extraordinaria.
En este caso, el Tribunal de Primera Instancia determinó que los esposos Jiménez Batista tenían derecho a inscribir como propietarios el terreno objeto de esta controversia por razón de haberlo adquirido por prescripción extraordinaria. Como antes esbozado, para que haya una adquisición por esta vía es necesario, entre otras cosas, que la posesión de la propiedad sea de forma ininterrumpida por al menos treinta años. Señala la ley que una interrupción a esta posesión puede ser el reconocimiento del poseedor del derecho del dueño. Según las determinaciones hechas por el propio Tribunal, y sustentadas por el expediente ante nos, los demandantes estaban en posesión física del predio de terreno en controversia desde el año 1961. También surge que cuando iban a urbanizar las fincas, entre el 1961 y el 1981, éstos se percataron de que estaban ocupando parte de una finca que no era de su propiedad, por lo que decidieron adquirir la misma por medio de una escritura de segregación, compraventa y agrupación. He aquí un acto de reconocimiento expreso del derecho del dueño, por parte de los poseedores (demandantes-apelados). Es decir, que éstos, los esposos Jiménez Batista, al saberse no dueños del predio de terreno que estaban ocupando, acudieron donde los dueños para adquirir el mismo .mediante escritura. En este documento, que es parte del expediente, se especifica que los dueños del predio son los miembros de la Sucesión Sanjuijo, y es de estos dueños de quienes pretendían adquirir el dominio del predio los apelados.
Podemos concluir, entonces, que el otorgamiento de la escritura de segregación, compraventa y agrupación constituye una interrupción en la posesión de los apelados, quienes a esa fecha tan sólo llevaban 20 años poseyendo el predio de terreno en controversia. A esa fecha, por tanto, no cumplían con los requisitos que establece el Código para adquirir por usucapión extraordinaria. De comenzar a contai- el término a partir de la fecha en que se realizó el otorgamiento, la prescripción extraordinaria se perfeccionaría en el año 2011, esto sólo considerando el requisito del tiempo. Queda claro, por tanto, que no es posible que la parte apelada haya podido adquirir por usucapión extraordinaria.
Tampoco es de aplicación en este caso la prescripción ordinaria, toda vez que los apelados, en el período de .tiempo transcurrido desde 1961 a 1981, carecían de justo título, requisito esencial para la procedencia de esta figura. Luego de 1981 existía una inscripción registral a favor de un tercero que impedía la usucapión por la vía ordinaria. Según expresado anteriormente, nuestro ordenamiento es claro al determinar que contra un título inscrito en el Registro de la Propiedad no tendrá lugar la prescripción ordinaria. En este caso, el Municipio tenía inscrito su derecho sobre el predio de terreno en controversia en el Registro de la Propiedad, no así la parle apelada.
Cabe añadir que estamos ante la figura de la doble venta, pues la Sucesión Sanjuijo Jiménez vendió el predio de terreno en controversia, tanto a los esposos Jiménez Batista como al Municipio. Ambas ventas fueron realizadas el mismo día, en escrituras distintas ante notarios distintos, pero sólo una llegó a inscribirse en el Registro de la Propiedad. Por no haber prueba alguna en el expediente a los efectos de rebatir la buena fe del Municipio, aplica en este caso lo establecido en la ley en cuanto a la figura de la doble venta, esto es, “la propiedad pertenecerá al adquirente que antes haya inscrito en el Registro” Art. 1362 del Código Civil. Toda vez que fue el Municipio quien inscribió su título en el Registro de la Propiedad, a éste pertenece el inmueble.
Debido a que lo anterior dispone de la controversia traída ante nuestra consideración, no es necesario entrar en la discusión de los demás errores.
*700 Resolvemos que erró el Tribunal Instancia al ordenar en su sentencia la inscripción del inmueble a favor de la parte apelada y concluir que éstos adquirieron el inmueble por prescripción adquisitiva extraordinaria.
IV
Por lo antes señalado, se dicta sentencia revocando la emitida por el Tribunal de Primera Instancia el 26 de junio de 2007.
Lo acordó el Tribunal y lo certifica la señora Secretaria.
Malla Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones