Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| | | |
|---|---|---|
| José Enrique Martas De Jesús<br><br>Peticionario-Apelante<br><br>Ex Parte | KLAN202300147 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2022CV00780<br><br>Sobre: Expediente de Dominio Contradictorio, Usucapión |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece la parte apelante, el Sr. José Enrique Martas De Jesús (Sr. Martas De Jesús o apelante) quien, por medio de su recurso, nos solicita que revoquemos la "Sentencia" emitida el 13 de diciembre de 2022 y notificada el 14 de igual mes y año, por el Tribunal de Primera Instancia, Sala de Fajardo. Mediante dicho dictamen, el foro apelado declaró con lugar la "Solicitud de Desestimación" sin perjuicio, presentada por el Ministerio Público y la oposición. Por los fundamentos que expondremos a continuación, se confirma la "Sentencia" apelada.

**-I-**

Según surge del expediente ante nuestra consideración, el 9 de agosto de 2022, la parte apelante presentó una petición ex parte sobre expediente de dominio contradictorio y usucapión en relación con la propiedad inmueble parcela número 60A del plano de parcelación de la comunidad rural Espanta Sueño del Barrio Florencio del municipio de Fajardo, Puerto Rico. Según surge de la petición y el estudio de título presentado, la propiedad inmueble

consta inscrita a nombre de Ángel Luis Vázquez Colón (Sr. Vázquez Colón).

En la vista celebrada por el Tribunal de Primera Instancia (TPI), del 15 de noviembre de 2022, compareció el Ministerio Público y el municipio de Fajardo. El representante legal del municipio de Fajardo argumentó que el procedimiento incoado no es el correcto y que la parte peticionaria tiene que seguir el procedimiento establecido en el Art. 183 de la "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico" (Ley Núm. 210-2015). 30 LPRA § 6282. Por su parte, el Ministerio Público presentó el 4 de diciembre de 2022 una solicitud de desestimación sin perjuicio de la petición. Argumentó, que la propiedad inmueble objeto de controversia consta inscrita en el Registro de la Propiedad y que la parte debe presentar un procedimiento ordinario en contra del titular registral. Por esta razón, sostuvo que, no procede una petición ex parte. Además, estableció que, la parte peticionaria tiene que presentar una certificación registral para conocer el estado registral actual del inmueble.

El 8 de diciembre de 2022, la parte peticionaria presentó una "Oposición" a la desestimación. Argumentó que, existen dos procedimientos para solicitar el remedio conforme la petición y que su petición está regulada por los Arts. 191 y 192 de la Ley Núm. 210-2015. Además, manifestó que el titular registral alegadamente falleció.

El TPI, luego de evaluar el expediente, la postura del representante del municipio de Fajardo y la solicitud de desestimación presentada por el Ministerio Público y la oposición, declaró Ha Lugar la solicitud de desestimación sin perjuicio. En síntesis, determinó que, el procedimiento de expediente de dominio contradictorio está regulado por el Art. 183 de la Ley Núm. 210-

2015 y es un procedimiento contencioso en contra del titular registral. A su vez, el foro judicial primario dictaminó que, de haber fallecido el titular, se tiene que acreditar ese hecho y traer al pleito a sus herederos. Finalmente, determinó que el Art. 191 de la Ley Núm. 210-2015, el cual establece lo siguiente, no aplica en este caso:

> *En el expediente para acreditar el dominio no se podrá exigir al promovente que presente el título de adquisición de la finca cuando éste ha alegado que carece del mismo. En caso de que una de las personas citadas se oponga a la acreditación del título propuesto por el solicitante y alegue que tiene un mejor derecho que el promovente, se entenderá convertido el procedimiento de expediente de dominio en un juicio contencioso ordinario. El expediente de dominio se utilizará para justificar el dominio y no equivale a una acción declaratoria de usucapión.*

Inconforme con la "Sentencia", el Sr. Martas De Jesús recurrió ante este Tribunal alegando la comisión de los siguientes errores:

> *Primer Error: Erró el Tribunal de Primera Instancia al desestimar la solicitud de expediente de dominio sin la celebración de una vista donde el apelante pudiera desfilar su prueba.*
>
> *Segundo Error: Erró el Tribunal de Primera Instancia al desestimar la solicitud de expediente de dominio sin haber reclamo de un mejor derecho o título sobre la propiedad.*
>
> *Tercero Error: Erró el Tribunal de Primera Instancia al desestimar la solicitud de expediente de dominio en vez de convertir la petición ex parte a un proceso contencioso ordinario.*

**-II-**

**A.**

En nuestro ordenamiento jurídico, la propiedad y los demás derechos sobre los bienes pueden obtenerse por vía de la prescripción adquisitiva o usucapión. Art. 549 del Código Civil de Puerto Rico, 31 LPRA sec. 1931; Art. 1830 del Código Civil de Puerto Rico, 31 LPRA sec. 5241.[1] El efecto principal de la usucapión es la adquisición del dominio. Por tanto, una vez

---

[1] Aunque el Código Civil citado, Código Civil de Puerto Rico de 1930, fue derogado por la Ley Núm. 55-2020, conocido como Código Civil de Puerto Rico, hacemos referencia al primero por ser el que estaba vigente a la fecha de la controversia de autos.

transcurrido la totalidad del término fijado en nuestro ordenamiento, de inmediato se materializa o consolida el dominio en la persona que, en unión a sus anteriores dueños, ha poseído durante ese periodo con los requisitos de ley. *Ex parte; Reyes; Rodríguez, Opositora,* 68 DPR 854 (1948).

Existen dos modalidades de la prescripción adquisitiva, a saber: la ordinaria y la extraordinaria. J.R. Vélez Torres, Curso de Derecho Civil: los bienes, los derechos reales, Madrid, Offirgraf, S.A., T. II, 1983, pág. 265. La ordinaria "se caracteriza por la necesidad de justo título y la buena fe del poseedor". *Íd.* El concepto de buena fe consiste en la creencia del poseedor de que la persona de quien recibió la cosa era dueña de ella y que podía transmitir su dominio. Art. 1850 del Código Civil, 31 LPRA sec. 5271; *Bravman, González v. Consejo Titulares*, 183 DPR 827, 838 (2011). Mientras, la prescripción adquisitiva extraordinaria encuentra su base estatutaria en el Art. 1859 del Código Civil, 31 LPRA sec. 5280. Este articulado dispone que "[p]rescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta (30) años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes". *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 182 (2005).

Por su parte, el justo título se define como aquel que es legalmente suficiente para transferir el dominio o derecho real de cuya prescripción se trate. Art. 1852 del Código Civil, 31 LPRA sec. 5273. Según Vázquez Bote, el plazo o término de tiempo requerido para que se adquiera la propiedad mediante la prescripción ordinaria es distinto, dependiendo de si se trata de bienes muebles o inmuebles. "Para los muebles, el Art. 1.855, C.C., establece un plazo de tres años, mientras que, tratándose de inmuebles, es necesaria una posesión de diez años -si es entre

presentes-, y de veinte, si es entre ausentes". E. Vázquez Bote, <u>Derecho Privado Puertorriqueño</u>, New Hampshire, Equity Publishing Company, 1991, T. VII, Vol. 1, pág. 380; Art. 1855 del Código Civil, 31 LPRA sec. 5276.

El tipo de posesión requerida para adquirir el dominio de un bien inmueble mediante usucapión es la denominada posesión civil y no la natural. *Sucn. Maldonado v. Sucn. Maldonado, supra.* El Art. 630 del Código Civil, 31 LPRA sec. 1421, define "posesión natural" como la tenencia de una cosa o el disfrute de un derecho, y "posesión civil" como la tenencia de una cosa o el disfrute de un derecho, unidos a la intención de hacer suya la cosa o el derecho.

Por lo tanto, la usucapión requiere que la posesión sea en concepto de dueño porque "sólo la posesión en concepto de dueño puede servir de título para adquirir el dominio". *Bravman, González v. Consejo Titulares, supra*, pág. 839, citando a J. Puig Brutau, <u>Fundamentos de Derecho Civil</u>, Tomo III, Vol. 1, 3ra ed., Bosch, Barcelona, 1989, pág. 318. Se concibe que, un inmueble es poseído en concepto de dueño cuando la opinión pública o percepción general entiende que es el verdadero dueño, unido a los actos que el poseedor realiza con relación a la propiedad, independientemente de la creencia que sobre el particular este pueda tener. *Vélez Cordero v. Medina*, 99 DPR 113, 119 (1970).

Por otro lado, nuestro Código Civil dispone que, contra un título inscrito en el Registro de la Propiedad no tendrá lugar la prescripción ordinaria. Esto, desde luego, no es así en la prescripción extraordinaria de 30 años. *Sucn. Rosa v. Sucn. Jiménez*, 77 DPR 551 (1954). De no interrumpirse el término prescriptivo para la prescripción adquisitiva, el usucapiente adquirirá el dominio de la cosa. Al consumarse la usucapión, la doctrina sostiene que, la actuación del usucapiente adquiere eficacia retroactiva al momento en que este inició la posesión con

sus requisitos necesarios, mientras que los actos realizados por el poseedor anterior quedan resueltos. M. Albaladejo, Comentarios al Código Civil y Compilaciones Forales, Tomo XXV, vol. 1, EDERSA, Madrid, 1993, págs. 247-248.

De igual forma, mientras el usucapiente reclama el dominio a su favor sobre el bien usucapido, se extingue correlativamente el derecho del antiguo titular. Id., pág. 251.  Si el usucapiente reunió todos los requisitos señalados por ley, la usucapión consumada es inatacable. Id., pág. 254.  Es decir, no puede oponérsele circunstancia adversa posible, por lo que las partes adversamente afectadas por una prescripción adquisitiva deben asumir las consecuencias legales de su inacción.

**B.**

La "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico" dispone en lo que respecta al caso ante *nos*, lo siguiente:

> *ARTÍCULO 183. — Dueño de finca inscrita que no aparece como titular registral; reanudación de tracto; procedimiento y efectos. (30 LPRA § 6282)*
>
> *Cuando el dueño de una finca inscrita o de un derecho real sobre ésta no aparezca como titular registral, deberá instar acción ordinaria contra los que aparecen del Registro como titulares. Si el demandante obtiene sentencia a su favor, una vez esta sea final y firme, podrá solicitar y el Tribunal ordenar la inscripción a su nombre y la cancelación de los asientos registrales que procedan. En caso de reanudación de tracto, también se harán constar los titulares intermedios y se citarán éstos como lo dispone el inciso 2 del Artículo 185 de esta Ley.*

**-III-**

En el caso ante nos, la parte apelante alega que su familia como él mismo adquirieron y han poseído la propiedad que se pretende inscribir, de manera pública, pacífica, continua y a título de dueño, conforme el tracto ya mencionado en los hechos sustantivos de esta apelación.  A saber, que la madre del Sr. Martas De Jesús era la dueña y poseía la parcela de terreno identificada con el número 60 desde el 1955.  Para el año 1971

esta propiedad fue segregada, surgiendo la Propiedad 60A. La madre del Sr. Martas De Jesús cedió a Luz María Martas (Sra. Martas De Jesús), hermana del Sr. Martas De Jesús, la propiedad. Aquí, la Sra. Martas De Jesús construyó su casa en el año 1971. En el año 1972 ésta se casó con el Sr. Vázquez Colón, con quien vivió la propiedad hasta que ambos fallecieron. Posteriormente, se quedó a cargo de y con la propiedad el único hijo de la Sra. Martas De Jesús.

También, insiste en que la "Solicitud" de epígrafe fue presentada conforme el Art. 192 de la "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico" (Ley 210-2015), la cual lee: "La declaración de estar o no justificado el dominio no impedirá que se pueda presentar posteriormente una acción ordinaria contradictoria de dominio por quien se considere perjudicado, sin perjuicio de lo dispuesto en esta Ley respecto a tercero."

Además, arguye que le alberga un derecho a decidir qué procedimiento de ley es más conveniente. Conforme a esta premisa, el apelante escogió el proceso no contencioso a los fines de poder llevar un proceso expedito.

Entre sus argumentos, destaca que, la moción del Ministerio Público excluyó el trámite estatuido en ley para que se celebre una vista donde las personas citadas puedan presentar cualquier objeción, reclamo u opongan cualquier derecho. Así mismo, alega que el TPI no recibió la prueba en apoyo a la petición, por lo que frustró el trámite invocado. Según el Sr. Martas De Jesús, existe evidencia suficiente para que el TPI justifique el dominio a su favor, irrespectivo de si existe alguna posibilidad de que un tercero reclame un derecho sobre la propiedad posteriormente.

El Sr. Martas De Jesús enfatiza que la propiedad aparece inscrita a nombre del Sr. Vázquez Colón. Alega que, éste falleció y

que su único heredero es su hermano, de nombre Tony. Según afirma, se intentó citar al hermano del titular mediante entrega personal, pero a pesar de las debidas diligencias no se pudo llevar a cabo la citación personal. Por todo lo cual, lo citaron mediante edicto, pero el hermano (Tony) no ha comparecido a reclamar un mejor derecho o título sobre la propiedad.

Del mismo modo, alega que, citó a los vecinos con interés en la determinación del dominio sobre los bienes objeto de este procedimiento. Por consiguiente, toda vez ninguna de las personas citadas compareció, y por lo tanto no hubo oposición alguna, correspondía la celebración de la vista, que se admitiera la prueba ofrecida por el Sr. Martas De Jesús y se confirmara cada una de sus alegaciones.

En síntesis, plantea que, aunque el procedimiento bajo el Art. 192 de la Ley Núm. 210-2015 permite que un tercero pueda presentar una acción ordinaria contradictoria de dominio por quien se considere perjudicado, esto no impide que el apelante pueda presentar su solicitud de expediente de dominio y el primer Foro judicial adjudique la misma en sus méritos. Por consiguiente, sostiene que el Foro apelado abusó de su discreción y alega los tres errores anteriormente citados.

Tomando en consideración estas alegaciones y analizado el expediente del caso procedemos a resolver de manera conjunta los errores presentados ante nuestra consideración.

Según se desprende del derogado Código Civil, pero vigente durante los alegados años en que se consumó la usucapión, "Cuando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Art 14 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 14.

Al leer el Art. 183 de la "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico". 30 LPRA § 6282 la claridad o ausencia de ambigüedad en ella nos conduce al razonamiento lógico, oportunamente pronunciado por el Ministerio Público, a saber: (1) que el procedimiento que la parte debe presentar es un procedimiento ordinario en contra del titular registral, (2) que no procede una petición ex parte y (3) que la parte peticionaria tiene que presentar una certificación registral para conocer el estado registral actual del inmueble.

Ante la claridad del Art. 183 es forzoso concluir que el Foro judicial primario procedió conforme a derecho. Por consiguiente, no le asiste la razón al Sr. José Enrique Martas De Jesús. El TPI no incurrió en ninguno de los errores presentados por la parte apelante, ni abusó de su discreción.

Este Foro apelativo, luego de considerar a fondo las alegaciones y las defensas presentadas colige que el derecho se aplicó de forma correcta. El Sr. José Enrique Martas De Jesús debe acogerse al procedimiento establecido en el Art. 183 de la "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico".

**-IV-**

Por los fundamentos que anteceden, los cuales se hace formar parte de esta Sentencia, se confirma la Sentencia desestimando sin perjuicio la petición ex parte sobre expediente de dominio contradictorio y usucapión, emitida por el Tribunal de Primera Instancia, Sala de Fajardo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones